IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANDRE T. BALLARD,

    Plaintiff,

    v.

OFFICER CHICAWANEY,

    Defendant.

Civil Action No.:  PX-26-1336

**MEMORANDUM ORDER**

Plaintiff Deandre T. Ballard, an inmate at Eastern Correctional Institution, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Because Ballard appears indigent, the request is granted.  ECF No. 2.  Accordingly, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to screen the Complaint for sufficiency.

The Complaint sues Officer Chicawaney for delay or denial of medical care in violation of Ballard's Eighth Amendment right to be free from cruel and unusual punishment.  The claim stems from injuries that Ballard sustained when he fell in his cell.  Ballard suffers from diabetes and believes he fainted as a result, causing him to hit his head and jaw on the concrete floor.  ECF No. 1 at 4, 6.  Ballard regained consciousness about an hour later and looked for Officer Chicawaney to tell him about the fall, but Chicawaney was not at his assigned post on the tier.  *Id.* at 4.  Ballard faults Chicawaney for failing to conduct his rounds on the tier every 30 minutes as required.  *Id.* at 5.  Eventually, Ballard notified the prison control center and was transported to the hospital where he was diagnosed with, and treated for, a broken jaw.[1]  *Id.*

---

[1] The Complaint alludes to substandard treatment for Ballard's broken jaw.  ECF No. 1 at 6.  Because Ballard has filed a separate Complaint related to his medical care, the Court will not construe the Complaint here as bringing the same cause of action.  *See Ballard v. Mostoufi*, Civil Action No. PX-26-1629.

Although Ballard brings both Eighth and Fourteenth Amendment claims against Officer Chicawaney, ECF No. 1 at 6, the claim is best construed under the Eighth Amendment. "The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and . . . reasonable measures to guarantee the safety of the inmates." *Id*. (internal quotation marks and citation omitted).

To state an Eighth Amendment claim, the Complaint facts must make plausible both the objective and subjective prongs of the claim. As to the objective prong, some facts must show that the defendant official's acts or omissions amounted to serious deprivation of the prisoner's rights, resulting in either significant physical or emotional injury or substantial risk of the same. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The objective inquiry requires this Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

As to the subjective prong, the Complaint facts must make plausible that the defendant prison official had a sufficiently "culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Accordingly, some facts must show that defendant official had actual or constructive knowledge of the excessive risk posed to the prisoner and that nonetheless, the officer deliberately or with reckless disregard, ignored that risk. *Id*. at 837.

The Complaint fails principally because no facts show that Officer Chicawaney had any subjective knowledge of an excessive risk of harm to Ballard's health. Nothing, for example,

2

allows the inference that Officer Chicawaney knew or should have known about Ballard's diabetes to include Ballard's risk of fainting, or knew that Ballard had, in fact, fallen in his cell. Although it is plausible that had Officer Chicawaney conducted his rounds as required, he may have found Ballard sooner, nothing makes plausible Chicawaney would have prevented Ballard's fall. Stated differently, the allegations, at best, may sustain a negligence claim. But mere negligence stemming from a failure to follow prison directives alone cannot sustain a constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015). Accordingly, the Complaint must be dismissed for failure to state a claim.

Ballard is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any ground enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under § 1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

Based on the foregoing, on this 13th day of May, 2026, the United States District Court for the District of Maryland hereby ORDERS that:

1. Ballard's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

3

2.  The Complaint IS DISMISSED without prejudice for failure to state a claim;

3.  The Clerk SHALL PROVIDE a copy of this Memorandum Order to Ballard; and

4.  The Clerk SHALL CLOSE this case.

_____/s/_____

Paula Xinis
United States District Judge
